IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD GENE BARNES, | : |
| Petitioner, | : |
| VS. | :  NO. 5:22-CV-00043-MTT-CHW |
| Warden ANNETTIA TOBY, | : |
| Respondent.[1] | : |

# ORDER

Presently pending before the Court is the habeas corpus petition of *pro se* Petitioner Donald Gene Barnes, an inmate currently incarcerated in the Hancock State Prison in Sparta, Georgia, seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner is challenging his 2003 convictions in the Superior Court of Houston County, Georgia for aggravated child molestation, distributing obscene materials, criminal attempt to commit aggravated child molestation, and enticing a child for indecent purposes. Pet. 1, ECF No. 1. Petitioner has also submitted a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion seeking discovery (ECF No. 3).

---

[1] Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is presently housed at the Hancock State Prison, and the warden of that facility is Annettia Toby. www.dcor.state.ga.us/sites/default/files/Facilities%20Directory.pdf (last accessed Feb. 1, 2022). Therefore, the Court has corrected the style of this case to show Annettia Toby as the Respondent in this action, and the Clerk is **DIRECTED** to correct the Docket accordingly.

Petitioner's submissions demonstrate that he is presently unable to pay the $5.00 filing fee for this action.  His motion to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED.**  In addition, it is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination

of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Petitioner has also filed a motion seeking discovery in this action—including various depositions, interrogatories, and documents—and requesting appointed counsel (ECF No. 3). Generally, there is no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). This Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's request for counsel is also **DENIED**. Moreover, as just noted, discovery will not commence in this case at this time. Petitioner's motion seeking discovery (ECF No. 3) is therefore premature and **DENIED** as such.

Petitioner has also submitted a letter indicating that he has requested protective custody at Hancock State Prison but "that designation is being withheld from [him]." Letter 1, ECF No. 5. As a result, Petitioner states that he has "been recently assaulted" and his "current cellmate is threatening the same." *Id.* To the extent Petitioner believes his constitutional rights have been violated by prison officials' failure to place him in protective custody, he should file a separate action seeking relief pursuant to 42 U.S.C. § 1983. The Clerk is **DIRECTED** to mail Petitioner a blank copy of the forms Petitioner may use for

this purpose, if desired.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 9th day of February, 2022.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge