IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DONALD GENE BARNES,** | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 5:22-cv-0043-MTT-CHW |
| v. | : | |
| | : | |
| **ANNETTIA TOBY, Warden** | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |
| | : | |

## ORDER AND RECOMMENDATION

Pending before the Court are two motions filed by Petitioner Donald Gene Barnes: a motion for reconsideration (Doc. 33) and a motion for leave to proceed in forma pauperis. (Doc. 34). This Court previously denied Petitioner's request for habeas relief on May 31, 2023. (Docs. 22, 23). Petitioner applied to the Eleventh Circuit Court of Appeals for a certificate of appealability, but the request was denied. (Doc. 30). He subsequently requested permission to file a second or successive habeas petition, but the Eleventh Circuit also denied that request. (Doc. 32). He has now filed a motion that he labels a motion for reconsideration, but which seeks to raise new grounds for habeas corpus relief based on theories of entrapment, withholding of exculpatory evidence, "state created danger," and "new" rules of Constitutional law based on *Lawrence v. Texas*, 539 U.S. 558 (2003) and *Ashcroft v. ACLU*, 542 U.S. 656 (2004). This motion, in substance, is a request to file a second or successive petition, and Petitioner himself acknowledges that it is a "second-in-time petition for habeas corpus." *See, e.g.,* (Doc. 33, p. 2).

Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

The instant motion is a successive petition within the meaning of § 2244(b). *See, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244"). Petitioner's motion raises an entrapment argument, which the Eleventh Circuit rejected, and several other points of law that he recently discovered. (Docs. 30, 33). These arguments do not relieve Petitioner from the requirement to receive an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a second or successive habeas petition for his conviction. Petitioner's prior attempt to obtain such authorization was unsuccessful. Without an order from the Court of Appeals, this Court lacks jurisdiction to consider the successive claims, no matter how Petitioner may label the motion. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

It is therefore **RECOMMENDED** that Petitioner's motion for reconsideration (Doc. 33) be construed as an unauthorized second or successive petition and be **DISMISSED**.[1] Petitioner's motion for leave to proceed in forma pauperis (Doc. 34) is **DENIED as moot**.

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c).... Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary....'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court does not need to address whether Petitioner has met the standards for issuance of a Certificate of Appealability.

## **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 23rd day of April, 2025.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge