IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONALD GENE BARNES, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 5:22-cv-0043-MTT-CHW |
| v. | : | |
| | : | |
| ANNETTIA TOBY, Warden | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |
| | : | |

### ORDER

Petitioner Donald Gene Barnes seeks the appointment of counsel to assist him in the appeal of the unsuccessful outcomes of his motions for reconsideration regarding his Section 2254 petition. (Docs. 33, 38, 42, 49, 53). No constitutional right to counsel exists in Section 2254 proceedings. *See McGriff v. Dep't of Corrs*, 338 F.3d 1231, 1234 (11th Cir. 2003). Rather, the Court may appoint counsel for any financially eligible person seeking relief under section 2241, 2254, or 2255 of Title 28 if the "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Following the denial of his initial Section 2254 petition, Petitioner moved the Eleventh Circuit Court of Appeals for a certificate of appealability, but the request was denied. (Doc. 30). He subsequently requested permission to file a second or successive habeas petition, but the Eleventh Circuit also denied that request. (Doc. 32). Petitioner filed a motion for reconsideration in this Court (Doc. 33), which was construed as a request to file a second or successive petition, and a recommendation to deny the motion was entered. (Doc. 35). On May 27, 2025, the Court adopted the recommendation. (Doc. 36). The Court then received Petitioner's objections to the recommendation, which were timely filed under the prison mailbox rule. (Doc. 37). Before the

Court could consider Petitioner's objections, he filed a motion for reconsideration (Doc. 38) and a notice of appeal regarding the May 27, 2025 order. (Doc. 39). Because the Court deemed Petitioner's objections timely filed, the Court vacated the May 27, 2025 order, terminated the motion for reconsideration (Doc. 38) as moot, and considered Petitioner's objections before again adopting the recommendation and denying his first motion for reconsideration on July 14, 2025. (Doc. 42).

Petitioner's notice of appeal (Doc. 39) regarding the now-vacated order was dismissed by the Eleventh Circuit Court of Appeals for want of prosecution. (Doc. 44) (referencing Court of Appeals Docket No. 25-12266). Petitioner's motion for leave to appeal *in forma pauperis* regarding Court of Appeals Docket No. 25-12266 (Doc. 47) and a motion for a ruling on his second motion for reconsideration (Doc. 48) were mooted by the Court based on its previous order and the dismissed the notice of appeal. (Doc. 51).[1] The Court of Appeals assigned a new case number for Petitioner's latest notice of appeal (Doc. 52) (referencing Court of Appeals Docket No. 25-12632). Petitioner's present motion for appointment of counsel followed, in which he requests appointment of counsel in the two latest appellate cases. (Doc. 53)

As summarized above, the Eleventh Circuit has dismissed the older appeal. To the extent Petitioner requests counsel on the remaining appellate case, he has not demonstrated that he is entitled to appointed counsel. Petitioner suggests that he requires counsel because he is unable to litigate this case due to mail delays, lack of access to the law library and supplies, and the overall nature of his underlying petition, but the docket reflects otherwise. Petitioner has filed multiple motions and other documents in this case. Petitioner litigated a Section 2254 petition on the merits, understood that he needed to seek further permission from the Eleventh Circuit before

---

[1] It appears that the Eleventh Circuit Court of Appeals attributed this text order to its Case No: 25-12632 instead of Case No.: 25-12266. *See Barnes v. Warden*, Court of Appeals Docket No.: 25-12632 (Doc. 4).

2

appealing or further challenging his conviction, and filed those applications with the appellate court. In addition to his demonstrated ability to access the courts, appointing counsel at this juncture would be futile because his current challenge involves an impermissible second or successive petition.

Petitioner has failed to demonstrate that the interests of justice require the appointment of counsel in his case. Accordingly, his motion for appointment of counsel (Doc. 53) is **DENIED**.

**SO ORDERED**, this 26th day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge