**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DONALD GENE BARNES,** ) | |
| ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:22-cv-43 (MTT)** |
| ) | |
| **ANNETTIA TOBY, Warden,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |
| ————————————————————) | |

## <u>ORDER</u>

Pro se Plaintiff Donald Barnes moves to proceed *in forma pauperis* ("IFP") on

appeal.  Doc. 55.  Applications to appeal *in forma pauperis* are governed by 28 U.S.C. §

1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal,
> or appeal therein, without prepayment of fees or security therefor, by a
> person who submits an affidavit that includes a statement of all assets
> such prisoner possesses that the person is unable to pay such fees or
> give security therefor.  Such affidavit shall state the nature of the action,
> defense or appeal and affiant's belief that the person is entitled to redress.
>                 …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies
> in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma
> pauperis must file a motion in the district court.  The party must
> attach an affidavit that:
>         (A) shows … the party's inability to pay or to give security for
>         fees and costs;
>         (B) claims an entitlement to redress; and
>         (C) states the issues that the party intends to present on
>         appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

(3) A party who was permitted to proceed in forma pauperis In the district-court action…may proceed in forma pauperis without further authorization, unless:

> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Barnes was permitted to proceed *in forma pauperis* in the district court action. Doc. 6. Under Federal Rule of Appellate Procedure 24(a)(3), a party who was granted IFP status in district court is permitted to proceed IFP on appeal unless the district court certifies that the appeal is not taken in good faith or that the party is no longer financially eligible. After reviewing the record, the Court finds that Plaintiff is unable to pay the appellate filing fees. *E.g.,* Doc. 47. However, the Court certifies that the appeal is not taken in good faith because the appeal lacks an arguable basis in law or fact.

"'[G]ood faith … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The party demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the party 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual

and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A federal district court cannot entertain a successive habeas petition unless the petitioner first obtains authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3)(A).  Barnes' attempts to obtain such authorization have been unsuccessful, so the Court, as it was required to do, dismissed Barnes' unauthorized, second or successive habeas petition (Doc. 33) for lack of subject-matter jurisdiction and terminated his motion to proceed IFP (Doc. 34) as moot.  Doc. 42; *see Bolin v. Sec'y, Fla. Dep't of Corr*., 628 F. App'x 728, 730 (11th Cir. 2016) ("[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c).") (quoting *Hubbard v. Campbell,* 379 F.3d 1245, 1247 (11th Cir.2004)).  Thus, Barnes has raised no issues with arguable merit.

Accordingly, Barnes's motion to proceed IFP on appeal (Doc. 55) is **DENIED**.

If Barnes wishes to proceed with the appeal despite this ruling, he may file a motion to proceed IFP directly with the United States Court of Appeals for the Eleventh Circuit pursuant to Federal Rule of Appellate Procedure 24(a)(5) within 30 days of this Order.

**SO ORDERED**, this 5th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT